**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>IGUANAS BURRITOZILLA, CORP.,<br><br>        Defendant. | Case No. 21-cv-08471-BLF<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF No. 16] |

In this action, Plaintiff Scott Johnson asserts claims under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52 ("Unruh Act"). *See* ECF No. 1. Johnson seeks injunctive relief, statutory damages, attorneys' fees, and costs of suit. *Id.* Defendant Iguanas Burritozilla, Corp. ("Iguanas Burritozilla") has failed to appear in this matter. At Johnson's request, the Clerk of Court has entered default against Defendant. *See* ECF No. 14.

Now before the Court is Johnson's motion for default judgment. ECF No. 16-1 ("Mot."). Johnson has provided a proof of service showing that he served the motion on Defendant, *see* ECF No. 16-13, although there is no notice requirement for either the entry of default or Johnson's motion. *See* Fed. R. Civ. P. 55(a), (b)(2). The Court finds this motion suitable for determination without oral argument and has vacated the June 2, 2022 hearing. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the Court GRANTS IN PART the motion for default judgment.

### I. BACKGROUND

According to the Complaint, Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. ECF No. 1 ("Compl.") ¶ 1. He uses a wheelchair for mobility and has a specially equipped van. *Id.* Defendant Iguanas Burritozilla is the alleged

owner of the restaurant Iguanas Burritozilla (the "Restaurant") at or about 4848 San Felipe Rd, San Jose, California, and it owned the Restaurant in August and September 2021. *Id.* ¶¶ 2–3. Johnson allegedly went to the Restaurant in August 2021 and September 2021 (twice), but he found that Defendant failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards. *Id.* ¶¶ 8, 10. Johnson says that he intends to return to the Restaurant but is currently deterred from doing so because he knows of the lack of a wheelchair accessible dining surface. *Id.* ¶ 20. Johnson brings claims under the ADA and Unruh Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs. *Id.* ¶¶ 22–33.

## II.   LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After an entry of default, a court may, in its discretion, enter default judgment. *Id.* R. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff. *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

## III.   DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court discusses in turn

jurisdiction, service of process, the *Eitel* factors, and Johnson's requested relief.

### A. Jurisdiction

The Court has subject matter jurisdiction over this lawsuit. Federal question jurisdiction exists based on Johnson's federal ADA claim, 28 U.S.C. § 1331, and the Court can exercise supplemental jurisdiction over his California Unruh Act, *id.* § 1367. The Court also has personal jurisdiction over Defendant. Johnson has submitted public records indicating that Defendant is a California corporation. *See* Mot., Ex. 5. It thus appears that Defendant is subject to this Court's general jurisdiction. *See Daimler AG v. Baumann*, 571 U.S. 117, 134 (2014).

### B. Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See, e.g., Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). Federal Rule of Civil Procedure 4 provides that service may be effected in accordance with state law. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity. *See* Cal. Civ. P. Code 416.10; *Vasic v. Pat. Health, L.L.C.*, No. 13CV849 AJB (MDD), 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013). In lieu of personal service on such individual, substitute service may be effected "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. P. Code § 415.20(a). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *G&G Closed Cir. Events, LLC v. Macias*, 2021 WL 2037955, at *2 (N.D. Cal. May 21, 2021) (quoting *Securities & Exchg. Comm'n v. Internet Solns. for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Johnson has filed a proof of service indicating that the summons and complaint were served on Defendant's agent for service of process, Brian Skarbek, by substitute service pursuant

3

to § 415.20. *See* ECF No. 11. The summons and complaint were left at Skarbek's business on November 29, 2021 at 10:44 a.m. with the person apparently in charge. *See id*. The summons and complaint were thereafter mailed to Skarbek at the same address. *See id.* The Court therefore finds that Defendant was properly served with process.

### C. *Eitel* Factors

The Court finds that the seven *Eitel* factors support entering a default judgment.

#### i. Factors 1 and 4–7

On the first *Eitel* factor, the Court finds that Johnson would be prejudiced without a default judgment against Defendant. Unless default judgment is entered, Johnson will have no other means of recourse against Defendant. *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct").

The fourth *Eitel* factor requires the Court to consider the sum of money at stake in relation to the seriousness of Defendant's conduct. *Love v. Griffin*, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018). Johnson seeks only statutory damages under the Unruh Act. While the sum requested is not insignificant, the Court finds it proportional to the conduct alleged.

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a dispute over any material fact and whether Defendant's failure to respond was the result of excusable neglect. *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13. Because Johnson pleads plausible claims for violations of the ADA and the Unruh Act, and as all liability-related allegations are deemed true, there is nothing before the Court that indicates a possibility of a dispute as to material facts. Moreover, there is no indication that Defendant's default was due to excusable neglect. Defendant has not appeared or responded in this action, suggesting that it has chosen not to present a defense in this matter. Accordingly, these factors weigh in favor of default judgment.

On the seventh and final *Eitel* factor, while the Court prefers to decide matters on the merits, Defendant's failure to participate in this litigation makes that impossible. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2)

permits entry of default judgment in situations, such as this, where a defendant refuses to litigate."). Default judgment, therefore, is Johnson's only recourse. *See United States v. Roof Guard Roofing Co. Inc.*, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

### ii.   Factors 2 and 3

Under *Eitel* factors 2 and 3, the Court finds that the Complaint alleges meritorious substantive claims for relief under the ADA and the Unruh Act.

Johnson must establish Article III standing, which requires that he demonstrate he suffered an injury in fact, traceable to Defendant's conduct, and redressable by a favorable court decision. *Ridola*, 2018 WL 2287668, at *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1162 (S.D. Cal. 2006)). Johnson claims that he suffers from a disability, that he personally encountered access barriers at the Restaurant because it lacked wheelchair accessible dining surfaces, and that he will return to the Restaurant once it is made accessible. Compl. ¶¶ 1, 10–12, 15, 20; *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) ("Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."). Johnson thus alleged that he has standing under the ADA.

On the merits, Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on his Title III discrimination claim, Johnson must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Johnson was denied public accommodations by Defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To succeed on an ADA claim based on architectural barriers, Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2)

1   the removal of the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5.

2         Johnson has plausibly pled an ADA claim. First, Johnson has adequately alleged that he
3   has a disability within the meaning of the ADA by alleging that he is a C-5 quadriplegic who
4   cannot walk and uses a wheelchair for mobility. Compl. ¶ 1. Second, Johnson has alleged that
5   Defendant is a private entity that owns, leases, or operates a place of public accommodation—the
6   Restaurant. *Id.* ¶¶ 2–3, 9; *see also* 42 U.S.C. § 12181(7)(B) (listing "a restaurant, bar, or other
7   establishment serving food or drink" as a place of public accommodation). Third, Johnson alleges
8   that during his visit to the Restaurant, he personally encountered an access barrier: the lack of
9   wheelchair accessible dining surfaces. Compl. ¶¶ 8–14. Johnson alleges that the dining surfaces
10  at the Restaurant did not have clearance for his wheelchair. *Id.* ¶ 12. Johnson has also alleged that
11  removal of these barriers is "readily achievable" because they are "easily removed without much
12  difficulty or expense" and they are an example of "the types of barriers identified by the
13  Department of Justice as presumably readily achievable to remove." *Id.* ¶ 19; *see also Garlic*
14  *Farm Truck Ctr. LLC*, 2021 WL 2457154, at *6 (finding these allegations sufficient at default
15  judgment stage). If true, these facts would result in violation of the 2010 ADA Accessibility
16  Guidelines (ADAAG), which require that at least 5 percent of the seating spaces and standing
17  spaces at the dining surfaces shall comply with certain knee and toe clearance requirements. *See*
18  ADAAG §§ 226.1, 902.2; *see also id.* §§ 306.2.1, 306.2.3, 306.3.1, 306.3.3. Accordingly,
19  Johnson adequately alleges that the Restaurant violated accessibility standards, and that he was
20  denied access to the dining surfaces because of his disability.

21        In sum, the Court finds that Johnson's ADA claim is adequately pled and substantively
22  meritorious in light of Defendant's failure to respond in this action. Because "[a]ny violation of
23  the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731,
24  Johnson has also sufficiently alleged an Unruh Act claim. Thus, the second and third *Eitel* factors
25  also favor default judgment.

26        **D.**    **Requested Relief**
27        The Court has found default judgment appropriate, so now it considers Johnson's request
28  for injunctive relief, statutory damages, and attorneys' fees and costs.

### i. Injunctive Relief

Johnson requests an order directing Defendant to "provide wheelchair accessible dining surfaces." Mot. at 1. Aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *M.J. Cable*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)). Injunctive relief is also available under the Unruh Act. *See* Cal. Civ. Code § 52.1(h). Injunctive relief is thus proper where Johnson establishes that "architectural barriers at the defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Ridola*, 2018 WL 2287668 at *13 (citing *Moreno v. La Curacao*, 463 Fed. Apps. 669, 670 (9th Cir. 2011)). For the reasons discussed above, Johnson has done so here. Accordingly, the Court grants Johnson's request for injunctive relief to bring the dining surfaces in line with the 2010 ADAAG Standards.

### ii. Statutory Damages

Johnson seeks statutory damages of $4,000[1] each for the three instances of discrimination he encountered at the Restaurant, for a total of $12,000. Compl. at 7; Mot. at 14. The Court has previously declined to award statutory damages for multiple visits to the same facility on a motion for default judgment. *See Garlic Farm Truck Center LLC*, 2021 WL 2457154, at *8 (granting only $4,000 in statutory damages because "it is unclear why [Johnson] repeatedly visited [the facility] when he knew the business was in violation of the ADA" and "[b]ehavior by [Johnson] indicates that his repeated visits are motivated by a desire to increase statutory damages"). For those same reasons, the Court will award only $4,000 in statutory damages here.

### iii. Attorneys' Fees and Costs

Johnson requests $1,965 in attorneys' fees under both the ADA and the Unruh Act for work performed by 4 attorneys and multiple legal assistants. *See* Motion, Ex. 1 ("Handy Decl.") at 9–11. In support of the fees requested, Johnson presents detailed billing entries attached to Russell Handy's Declaration, expert analysis of fees for ADA-plaintiff attorneys by fee experts

---

[1] The amount of the statutory minimum penalty in Johnson's motion for default judgment is erroneously written as $4,0000. Mot. at 14.

7

Richard Pearl and John O'Connor, and a survey report pulled from the Real Rate Report. Mot. at 16–24; *see* Handy Decl.; *id.*, Exs. 6–8. Further, Johnson cites case law from this district and others that have granted attorneys' fees at the hourly rates Johnson is requesting. Mot. at 18–20, 22–24. The Court finds that this evidence only partially substantiates Johnson's requests.

### a. Legal Standard

The ADA and the Unruh Act give courts the discretion to award attorneys' fees to prevailing parties. *See M.J. Cable*, 481 F.3d at 730 (citing 42 U.S.C. § 12205); Cal. Civ. Code § 52.1(i). Whether calculating attorneys' fees under California or federal law, courts follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.*

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997). The fee applicant bears the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum*, 465 U.S. at 896 n.11. Further, the district court should exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434.

### b. Rates

The Court finds that the rates Johnson seeks exceed those that have been granted in this community for similar work performed by attorneys of comparable skill, experience, and reputation. The relevant community for this action is the Northern District of California. Indeed, for attorneys with approximately 20 or more years of experience, courts in this district have

generally approved hourly rates ranging from $350 to $495 in disability cases. *See, e.g.*, *Castillo-Antonio v. Lam*, No. 18-cv-04593-EDL, 2019 WL 2642469, at *7 (N.D. Cal. Apr. 10, 2019) (approving, on motion for default judgment, $350 hourly rate for attorney with over 20 years of experience); *Johnson v. Castagnola*, No. 18-cv-00583-SVK, 2019 WL 827640, at *2 (N.D. Cal. Feb. 21, 2019) (approving $350 hourly rate for attorney with 20 years of litigation experience, noting that requested rate was unopposed by defendant and in line with rates approved in Northern District). Many of these cases have considered the same evidence that Johnson submits here and found that it does not support the rates he seeks. *See, e.g.*, *Johnson v. Huong-Que Restaurant*, 2022 WL 658973, at *5 (N.D. Cal. Mar. 4, 2022) (analyzing declarations of Mr. Handy, fee experts Mr. Pearl and Mr. O'Connor, and the Real Rate Report and finding only lower rates justified).

This Court finds the analysis of those cases persuasive and will award hourly rates in line with those cases. Mr. Potter will be awarded an hourly rate of $475. *See Huong-Que*, 2022 WL 658973, at *5; *An Khang Mi Gia*, 2021 WL 3908389, at *8. Ms. Seabock will be awarded an hourly rate of $350. *See Huong-Que*, 2022 WL 658973, at *5; *Garlic Farm Truck Center LLC*, 2021 WL 2457154, at *10. Mr. Seabock, whose 11 years of experience is equivalent to that of Ms. Seabock, will also be awarded an hourly rate of $350. *See Huong-Que*, 2022 WL 658973, at *5 (approving $350 hourly rate for attorney with 11 years of experience); *Love v. Mustafa*, 2021 WL 2905427, at *2 (N.D. Cal. June 11, 2021) (awarding Mr. Seabock $350 per hour). Ms. Zaman, who graduated in 2015, will be awarded $250 per hour. *See An Khang*, 2021 WL 5908389, at *8; *Johnson v. AutoZone, Inc.*, 2019 WL 2288111, at *7 (N.D. Cal. May 29, 2019).

Johnson has also requested reimbursement of fees for legal assistants at an hourly rate of $100 and for Marcus Handy at an hourly rate of $200 for "his experience as a skilled legal assistant and paralegal." *See* Handy Decl. ¶¶ 7–8. The Court agrees with other courts in this district that an hourly rate of $100 is reasonable for paralegal and legal assistant fees. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992 (N.D. Cal. 2005); *Whitaker v. Joe's Jeans Inc.*, 2021 WL 2590155, at *5 (N.D. Cal. June 24, 2021). The Court has previously rejected a higher billing rate for Marcus Handy based on similar submissions. *See An Khang Mi Gia*, 2021

9

WL 5908389, at *9. For the same reasons, the Court awards a $100 hourly rate for Mr. Handy.

### c. Hours

Johnson requests fees based on 9.0 hours of work by attorneys and staff. *See* Handy Decl. at 9–11. Johnson's billing summary shows 9 hours were expended in this litigation: Mr. Potter expended 0.6 hours, Ms. Seabock expended 0.1 hours, Mr. Seabock expended 0.1 hours, Ms. Zaman expended 1.6 hours, and paralegals and staff expended 6.6 hours. *See* Handy Decl. at 9–11.

The Court has not previously considered the reasonableness of a request for fees where the attorney billed only 0.1 hours, or six minutes, in the case. In the Court's view, six minutes of work could not reasonably add value sufficient to warrant an award of fees. Thus, although the Court has granted fees for attorney billing of 0.1 hours in prior cases without discussion, *see Huong-Que*, 2022 WL 658973, at *5, the Court now determines that such billing is unreasonable. The Court denies the request for attorneys' fees for the work performed by Ms. Seabock and Mr. Seabock.

The Court also finds that the use of fourteen legal assistants to do 6.6 hours of work is unreasonable, given the inherent duplication of effort and inefficiency arising from the circumstances of so many individuals performing the same limited tasks. The Court therefore limits the recovery of fees for paralegals and staff to 4.0 hours.

### d. Costs

In addition, Johnson seeks service costs ($35), filing fees ($402), and investigation costs ($400). *See* Mot. at 24; Handy Decl. at 10. The ADA provides that the prevailing party may recover "litigation expenses[] and costs." 42 U.S.C. § 12205; *see Johnson v. VN Alliance LLC*, 2019 WL 2515749, at *8 (N.D. Cal. June 18, 2019) (awarding costs, filings fees, and investigation costs). Accordingly, the Court grants Johnson's request for $837 in costs.

### e. Summary

The Court's award of fees and costs is summarized below.

| Name | Rate Awarded | Hours Awarded | Fees/Costs Awarded |
|---|---|---|---|
| Mark Potter | $475 | 0.6 | $285 |
| Tehniat Zaman | $250 | 1.6 | $400 |
| Other Staff | $100 | 4.0 | $400 |
| | | Total Fees | $1,085 |
| | | Costs | $837 |
| | | TOTAL Fees & Costs | **$1,922** |

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Johnson's motion for default judgment is GRANTED IN PART;

- Johnson is AWARDED statutory damages in the amount of $4,000;

- Johnson is AWARDED $1,922 in attorneys' fees and costs;

- Johnson is GRANTED an injunction requiring Defendant to provide wheelchair accessible dining surfaces at the Iguanas Burritozilla restaurant located at 4848 San Felipe Rd, San Jose, California in compliance with the 2010 ADAAG Standards; and

- Johnson SHALL promptly serve Defendant with this Order and file a proof of service with the Court.

Dated: May 31, 2022

_____
BETH LABSON FREEMAN
United States District Judge